UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| GEORGE EDWARD SISK, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> IMPD, ) <br> INDIANAPOLIS POLICE DEPARTMENT, ) <br> FEDERAL AUTHORITIES, ) <br> COMMUNITY SPIRITS LIQUOR STORE, ) <br> A. WHITTLY, ) <br> GRAND JURY, ) <br> PROSECUTORS, ) <br> JOE CLEARY, ) <br> LESLIE WINE, ) <br> HOSPITAL OFFICIAL, ) <br> ) <br> Defendants. ) | No. 4:23-cv-00185-TWP-KMB |

**Order Dismissing Complaint and Opportunity to Show Cause**

Plaintiff George Sisk is a prisoner currently incarcerated at the Clark County Jail. He filed this civil action raising several allegations of constitutional violations related to ongoing criminal proceedings in this Court. Because Mr. Sisk is incarcerated, this Court must screen the complaint before service on the defendants. 28 U.S.C. § 1915A(a), (c).

### I.  Filing Fee

Mr. Sisk filed this action without paying the $402.00 filing fee. He is a prisoner who has filed at least three suits or appeals which have been dismissed as frivolous, malicious, or for failure to state a claim. This renders him ineligible to proceed *in forma pauperis*. 28 U.S.C. § 1915(g). The narrow exception to the barrier created by § 1915(g), where a prisoner alleges that he "is under imminent danger of serious physical injury," does not apply to the claims or allegations in the complaint.

Normally, this Court would take no further action until Mr. Sisk paid the filing fee. However, in light of the fact that Mr. Sisk is currently deemed incompetent to proceed in his criminal case, the Court questions whether he is in fact competent to litigate this case. If he is incompetent, it would not be in the interest of justice for the Court to order him to pay a $402.00 filing fee. Accordingly, the Court proceeds to screen the complaint.

## II. Screening Standard

When screening a complaint, the Court must dismiss any portion that is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To determine whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020). Under that standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court construes *pro se* complaints liberally and holds them to a "less stringent standard than formal pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

## III. The Complaint and Relevant Procedural Background

Mr. Sisk's complaint relates to his ongoing criminal proceedings in *United States v. Sisk*, 1:21-cr-00114-JRS-KMB-1. Mr. Sisk names as defendants the Indianapolis Police Department, "Federal Authorities," Community Sprits Liquor Store, A. Whittly, the grand jury, prosecutors, his current public defenders, and "Hospital Official."

In the complaint, Mr. Sisk describes a robbery that occurred in the liquor store that resulted in his current criminal charges. He makes several incriminating statements implicating himself in the robbery. Mr. Sisk states that he was offered a plea deal to resolve the case, but he requested to represent himself because his public defenders are not assisting him with reviewing necessary evidence.

Mr. Sisk alleges that his rights under the Second, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendment, the Americans with Disabilities Act, the Indiana Constitution, and 42 U.S.C. § 1985 have been violated.

The Court takes judicial notice of the docket in *United States v. Sisk*, 1:21-cr-00114-JRS-KMB-1, which shows that Mr. Sisk has been charged with interference with commerce by robbery, discharging of a firearm in furtherance of a crime of violence, and unlawful possession of a firearm by a convicted felon. The docket reflects that there are two motions pending related to Mr. Sisk's desire to dismiss his public defenders. Dkts. 107, 134. Further, the docket reflects that on July 24, 2023, the Court ordered that Mr. Sisk be sent to a suitable facility designated for competency restoration, dkt. 127, and that, as of this date, Mr. Sisk is still waiting to be sent to an appropriate facility.

### IV. Dismissal of Complaint

Applying the screening standard to the facts alleged in the complaint, the complaint must be dismissed for failure to state a claim upon which relief may be granted.

First, Mr. Sisk has failed to name a viable defendant:

- The liquor store where his crime took place is a building, not a suable entity under 42 U.S.C. § 1983. *White v. Knight*, 710 F. App'x 260, 262 (7th Cir. 2018), *cert. denied*, 139 S. Ct. 107 (2018).

- Prosecutors are immune from a civil suit for damages "in initiating a prosecution and in presenting the [government's] case." *Imbler v. Pachtman*, 424 U.S. 409, 427 (1976).

- Grand jurors, too, are absolutely immune from liability. *Id.* at 422−23.

- Mr. Sisk's public defenders are not "state actors" under 1983. *Polk County v. Dodson*, 454 U.S. 312, 324 (1981) (public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal case).

- A. Whittly is not mentioned in the body of Mr. Sisk's complaint. "Individual liability under § 1983 … requires personal involvement in the alleged constitutional deprivation." *Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017) (internal quotation omitted).

- "Indianapolis Police Department" and "Federal Authorities" are essentially John Doe defendants because Mr. Sisk does not name any particular law enforcement officer. "[I]t is pointless to include [an] anonymous defendant [ ] in federal court; this type of placeholder does not open the door to relation back under Fed. R. Civ. P. 15, nor can it otherwise help the plaintiff." *Wudtke v. Davel*, 128 F.3d 1057, 1060 (7th Cir. 1997) (internal citations omitted).

Second, any claim related to malicious prosecution or wrongful incarceration is not ripe because Mr. Sisk's criminal proceedings are ongoing. In *Heck v. Humphrey*, 512 U.S. 477, 487 (1994), the Supreme Court held that a plaintiff cannot bring a claim under 42 U.S.C. § 1983 if a "judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence" unless the conviction has already been invalidated.

Third, any claim attacking his ongoing detention must be brought in a habeas action rather than a civil rights action. *Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973) ("[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus.").

Because the Court has been unable to identify a viable claim for relief against any particular defendant, the complaint is subject to dismissal.

Mr. Sisk's current mental status is relevant to determine appropriate next steps. *See Powell v. Symons*, 680 F.3d 301, 307 (3d Cir. 2012) (counseling that district courts should consider the application of Rule 17(c) of the Federal Rules of Civil Procedure when confronted with evidence that a litigant has been deemed incompetent by another court). Rule 17(c)(2) of the Federal Rules of Civil Procedure provides:

> A minor or an incompetent person who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem. The court must appoint a guardian ad litem—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action.

Because the Court discerns no viable claim from Mr. Sisk's complaint, it would not be in the interest of justice to recruit an attorney to assist him with filing an amended complaint. *Watts v. Kidman*, 42 F.4th 755, 766 (7th Cir. 2022) ("[T]he merit of a plaintiff's claim is another factor a district court may consider while making an individualized determination whether to recruit counsel based on the plaintiff and the claim in front of it.").

Instead, the Court finds that the appropriate course of action is to **direct the clerk** to seal the complaint at docket [1], to send a copy of the complaint to Mr. Sisk's attorneys in his criminal case, and to provide Mr. Sisk **through December 18, 2023**, to show cause why this action should

not be dismissed without prejudice for the foregoing reasons. Mr. Sisk may also file a motion to voluntarily dismiss this action by this date.

### V. Opportunity to Show Cause

Mr. Sisk's complaint must be dismissed for each of the reasons set forth above. He has through **December 18, 2023,** in which to show cause why Judgment consistent with this Order should not issue. *See Luevano v. Wal-Mart Stores, Inc.,* 722 F.3d 1014, 1022 (7th Cir. 2013) ("Without at least an opportunity to amend or to respond to an order to show cause, an IFP applicant's case could be tossed out of court without giving the applicant any timely notice or opportunity to be heard to clarify, contest, or simply request leave to amend."); *Jennings v. City of Indianapolis*, 637 F. App'x 954, 954–955 (7th Cir. 2016) ("In keeping with this court's advice in cases such as *Luevano* . . . , the court gave Jennings 14 days in which to show cause why the case should not be dismissed on that basis.").

**The clerk** is directed to seal the complaint at docket [1] and to send a courtesy copy of the complaint and this Order to Mr. Sisk's counsel of record in his ongoing criminal case.

**SO ORDERED.**

Date: 11/21/2023

_____
Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

GEORGE EDWARD SISK
50395
CLARK COUNTY JAIL
CLARK COUNTY JAIL
Inmate Mail/Parcels
501 East Court Avenue
Jeffersonville, IN 47130

Courtesy Copies:

Joseph Cleary
Indiana Federal Community Defenders
111 Monument Circle
Suite 3200
Indianapolis, IN 46204

Leslie Wine
Indiana Federal Community Defenders
111 Monument Circle
Suite 3200
Indianapolis, IN 46204